IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER VAUGHN #541998,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO. 3:22-cv-00727** |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| **JONATHAN SHEPPARD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Christopher Vaughn, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2). This case is before the Court for initial review. As explained below, this case will be **STAYED** pending resolution of Plaintiff's ongoing state criminal proceedings. Meanwhile, Plaintiff **MUST** keep the Court informed of the status of his state proceedings by following the instructions in the Order entered with this Memorandum.

### I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the filing fee in advance, so the application (Doc. No. 2) will be **GRANTED**, and Plaintiff will be assessed the $350.00 filing fee in the accompanying Order.

### II. INITIAL REVIEW

The Court must determine if the Complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)–(b). Because Plaintiff is representing himself, the Court must also

hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Allegations

This case arises from Plaintiff's encounter with Metropolitan Nashville Police Department (MNPD) officers on September 27, 2021. Plaintiff alleges that he was asleep in his legally parked car with the engine off outside of Skyline Hospital. (Doc. No. 1 at 6). Six MNPD officers (Jonathan Sheppard, Patrick McGinnis, Timothy Lehnert, Ashton Hill, Kaitlyn Powell, and Jason Murrell) surrounded Plaintiff's car and ordered him to get out "without any reasonable and articulable suspicion that a crime had or was about to be committed." (*Id.*). Plaintiff was then arrested without probable cause. (*Id.*). Specifically, he alleges that the officers "failed to articulate probable indicia of [Plaintiff] being under the influence of any intoxicant while possessing a firearm." (*Id.*). The Court takes judicial notice that Plaintiff is currently facing an eight-count indictment stemming from this encounter in Davidson County Criminal Court Case No. 2022-C-1314.[1] Plaintiff brings this civil case against the MNPD officers listed above (all six in their individual capacities, and four in their official capacities), seeking monetary damages. (*Id.* at 2–3, 8).

## B. Legal Standard

To decide if the Complaint states a claim, the Court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

---

[1] According to the Davidson County Criminal Court Case Information database, Plaintiff appears to be charged with: theft of a firearm; violating Tennessee's open container law; two counts of possessing drugs with intent to manufacture, deliver or sell; two counts of possessing a firearm with intent to go armed during the commission of or attempt to commit a dangerous felony; possessing a weapon while under the influence; and unlawful use of drug paraphernalia. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2299416%5E5591594%5ECJIS/CHRISTOPHER%5EVAUGHN%5E08291997%5E541998/ (last visited Oct. 31, 2022); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted). Here, the six MNPD officers being sued were state actors for Section 1983 purposes, and Plaintiff asserts that they violated his Fourth Amendment rights in two ways: first, by seizing him when they surrounded his car; and second, by falsely arresting him when he exited the car. (Doc. No. 1 at 6).

As an initial matter, Plaintiff fails to state a claim against Defendants in their official capacities. An official-capacity claim is equivalent to a claim against the entity that a defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The MNPD officers epresent Metro Nashville, their employer. To state a Section 1983 against a municipal entity like Metro Nashville, Plaintiff must allege that Metro Nashville's policy or custom directly caused him to suffer the asserted constitutional violations. *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). The Complaint, even liberally construed, does not

3

contain any allegations of a policy or custom attributable to Metro Nashville. Plaintiff's official-capacity claims, therefore, will be dismissed.

Turning to Plaintiff's individual-capacity claims, the Complaint is very light on details of his September 2021 encounter with the MNPD officers, but considering only the allegations on the face of the Complaint and accepting them as true, Plaintiff has plausibly alleged potential unreasonable-seizure and false-arrest claims against all six Defendants. Plaintiff alleges that he was asleep in a legally parked car with the engine shut off when the officers surrounded him and ordered him to exit the car, all without reasonable suspicion of criminal activity. That is sufficient to allege a potential unreasonable-seizure claim. *See United States v. Mestre*, 362 F. Supp. 3d 1175, 1182 (M.D. Ala. 2019) (quoting *United States v. Boyce*, 351 F.3d 1102, 1109 (11th Cir. 2003)) (finding that sleeping in a Walmart parking lot in a "late-model SUV does not support reasonable suspicion" because "[t]his fact 'would likely apply to a considerable number of those traveling for perfectly legitimate purposes' and does not 'reasonably provide . . . suspicion of criminal activity'"). And Plaintiff alleges that the officers arrested him without probable cause when he exited the car, which provides the basis for a potential false-arrest claim. *See Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff.").

Because Plaintiff is currently facing state criminal charges related to these potential civil claims, however, this case cannot proceed at this time. Instead, as the Supreme Court as explained, the appropriate course of action is to stay this civil case for as long as it takes to resolve Plaintiff's state criminal proceedings:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated

4

criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citations omitted).

If Plaintiff is ultimately convicted in his state criminal case, then this civil case may be subject to dismissal based on the "*Heck* doctrine." *Id.* at 394 (citations omitted). That is because *Heck* bars a Section 1983 claim "if its success 'would necessarily imply the invalidity of [a] conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Heck*, 512 U.S. at 487). But if Plaintiff is not convicted, if his conviction is not necessarily invalidated by these civil claims, or if his conviction is later set aside within the meaning of *Heck*,[2] then this case may proceed, "absent some other bar to suit." *Wallace*, 549 U.S. at 394 (citations omitted).

### III. CONCLUSION

For these reasons, Plaintiff states potentially colorable unreasonable-seizure and false-arrest claims against all six Defendants in their individual capacities. His official-capacity claims will be **DISMISSED**. This case will be **STAYED** pending resolution of Plaintiff's ongoing state criminal proceedings. Plaintiff **MUST** keep the Court informed of the status of these proceedings by following the instructions in the Order entered with this Memorandum.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] "In *Heck*, the [Supreme] Court listed four ways a conviction could be invalidated: (1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022) (citing *Heck*, 512 U.S. at 486–87).